UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-10017-CR-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONALD HOWARD CONKRIGHT,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL**

    Defendant Donald Howard Conkright, through counsel and pursuant to 18 U.S.C. §§ 3161(c)(2) and 3161(h)(8), respectfully moves unopposed for a continuance of trial in the above-styled cause, and as grounds therefor says:

    1.    Defendant *was* charged in a one-count Indictment with conspiracy to commit money laundering, in violation of 18 U.S.C. § 371. The Indictment was superseded on January 14, 2020. Defendant is now charged with conspiracy to commit money laundering (Count I) and 3 substantive counts of money laundering (Counts II – IV), in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(B)(i) and 1957. Additionally, the Government has increased the timeframe of the alleged conspiracy from a period of 6 days in the original Indictment, to a period of one month in the Superseding Indictment. This case is scheduled for trial on January 27, 2020 in Key West, Florida.

2. This is a paper intensive case in which the Government has already turned over hundreds of pages of materials which consist, in part, of financial records and social media messages as well as hours of recordings of conversations and voicemail messages which are all part of the conduct which is alleged in this case. The Government has advised that there will now be substantial additional discovery in support of the additional charges which consist, in part, of two additional Google email accounts, 3 additional CDs and a thumb drive with content which is unknown to Defendant at this time. All of these materials must be reviewed with Defendant before this matter proceeds to trial. Further, the widening of the breadth of the conspiracy now requires a re-review of all of the recorded media and records which encompass the added dates.

3. An additional difficulty for proper preparation is that all of the financial disclosures which the Government has made, and will make, are governed by a protective order which precludes their being copied and provided to Defendant for review at his leisure. This means that either counsel or his investigator must personally review the materials with Defendant to properly prepare for trial. These meetings are further complicated due to Defendant residing in Monroe County in the lower Keys.

4. The Superseding Indictment adds substantive charges which significantly increase the penalties to which Defendant is exposed. Further Defendant is yet to be arraigned on the Superseding Indictment – Defendant anticipates that this will occur in the very near future.

5. Finally, 18 U.S.C. § 3161(c)(2) provides: Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se. The Speedy Trial Act does not require that this Court continue this trial for 30 days based upon the return of a Superseding Indictment; however:

> The Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation. Section 3161(h)(8) authorizes the trial judge to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The authority of the District Court to grant an "ends of justice" continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant.

*United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985).

6. Defendant believes that his defense would be prejudiced if he is not afforded additional time to review the additional discovery and properly prepare for the new charges and expanded dates of alleged criminal conduct. Accordingly Defendant respectfully requests that this matter be continued at least until March, 2020 to a future Key West calendar for the reasons cited herein.[1]

---

[1] Counsel respectfully requests that this matter not be reset during the weeks of April 13 and April 20, 2020 whereas counsel will be on annual leave during that time.

7. Lindsey Lazopoulos Friedman, the Assistant United States Attorney who is handling this matter for the government, has authorized counsel to represent that she has no objection to the relief sought herein.

          MICHAEL CARUSO
          FEDERAL PUBLIC DEFENDER

By: *s/ Stewart G. Abrams*
     Stewart G. Abrams
     Assistant Federal Public Defender
     Florida Bar No.: 371076
     150 W. Flagler Street, Suite 1500
     Miami, Florida 33130-1556
     Tel: (305) 530-7000
     E-mail: stewart_abrams@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *s/ Stewart G. Abrams*
       Stewart G. Abrams

4