UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-10017-CR-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DONALD HOWARD CONKRIGHT,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)**

The defendant, Donald Howard Conkright, through the undersigned counsel, respectfully moves this Court to grant his motion for compassionate release under 18 U.S.C § 3582(c)(1)(A), and reduce his 71-month sentence to time served, and in support thereof states as follows:

**PROCEDURAL HISTORY**

1.    On January 14, 2020, a federal grand jury in Miami-Dade and Monroe Counties, in the Southern District of Florida and elsewhere, filed a four count superseding indictment against Donald Conkright charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 1); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Count 2); and money laundering, in violation of 21 U.S.C. § 1957 (Counts 3 and 4). (DE 16). A jury trial

began on March 2, 2020. (DE 43). At the conclusion of the three-day trial, the jury returned verdicts of guilty as to all four counts. (DE 49).

2. On June 5, 2020, the district court sentenced Mr. Conkright to 71 months' imprisonment as to each of the four counts, to run concurrently; followed by three years of supervised release as to all four counts, to run concurrently. (DE 78). Mr. Conkright's appeal to the Eleventh Circuit Court of Appeals was unsuccessful. (DE 103).

3. As his medical records document, Mr. Conkright suffers from a multitude of serious medical conditions including acute asthma, acid reflux and chronic pain from an unsuccessful spine surgery which left him disabled. He also suffers from an enlarged prostate, hypertension, irregular heartbeat, heart issues and has broken teeth that are unrepaired after an injury suffered while in custody. He has also recently had a lung infection. (Exhibits 1, 2, 3, 4, and 5; *see also* PSI ¶¶ 52-57.)

4. Mr. Conkright's medical conditions place him at a higher risk of suffering serious complications or death from COVID-19, which has created emergency conditions in the Bureau of Prisons, and killed numerous federal inmates as well as BOP staff members.

5. Mr. Conkright presented a compassionate release request to the warden of his facility, which was denied on August 21, 2021. (Exhibit 6). More than 30 days have passed since Mr. Conkright presented his administrative request to the Warden of his facility for compassionate release. Under the compassionate release

statute, as amended by the First Step Act of 2018, this Court now has the authority to grant relief.

6. Mr. Conkright now brings this motion pursuant to 18 U.S.C § 3582(c)(1)(A), which authorizes this Court to grant compassionate release based on "extraordinary and compelling reasons" upon motion of the defendant if the defendant has first exhausted administrative remedies.

7. Title 18, U.S.C. § 3582(c)(1)(A) allows the Court to reduce a previously-imposed term of imprisonment to time served, and at the same time impose a term of supervised release "with or without conditions that does not exceed the unserved portion of the original term of imprisonment."

8. Wherefore, Mr. Conkright respectfully asks this Court to reduce his custodial sentence to time served, either with or without a supervised release condition of home confinement.

## MEMORANDUM OF LAW

**I. This Court has the authority to grant compassionate release even though the instant motion is filed by Mr. Conkright, rather than the Director of the Bureau of Prisons.**

"Federal judges have long been able to release prisoners for compassionate reasons such as terminal illness. Until recently that authority depended on a motion by the Bureau of Prisons." *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. Nov. 20, 2020). That changed when Congress passed the First Step Act of 2018, and

transformed the process for compassionate release. *Id.*; see also Pub. L. 115-391, 132 Stat. 5194, at § 603 (Dec. 21, 2018).

Specifically, the compassionate release statute, 18 U.S.C. § 3582(c)(1), was first enacted as part of the Comprehensive Crime Control Act of 1984. It provided that a district court could modify a final term of imprisonment if there existed "extraordinary and compelling reasons" warranting the reduction. However, although the courts had the final decision-making authority over whether a sentence would be reduced, that authority could be invoked only upon a motion by the Director of the Bureau of Prisons ("BOP"). Without such a motion, district courts were powerless to reduce a prisoner's sentence, even if the court concluded that extraordinary and compelling reasons warranted the reduction. § 3582(c)(1)(A)(i); *see also* Pub. L. 98–473 (H.J.Re.s 648), Pub. L. 98– 473, 98 Stat. 1837 (Oct. 12, 1984).

Frustrated by the BOP's extreme reluctance to invoke its compassionate release authority, Congress amended the statute as part of the First Step Act of 2018. *See* P.L. 115-391, 132 Stat. 5194, at § 603 (Dec. 21, 2018). Specifically, Section 603 of the Act amended § 3582(c) to allow a defendant to bring his own motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Thus, Section 603 "created a judicial power to grant compassionate release on a prisoner's own request, provided that the prisoner first allowed the Bureau [of Prisons] to review the request

and make a recommendation (or it let 30 days pass in silence)." *Gunn*, 980 F.3d at 1179 (citing § 3582(c)(1)(A)).

Here, Mr. Conkright has exhausted his administrative remedies. He submitted a request for compassionate release to the warden of his facility, and that request was denied on August 21, 2021. *See* Exh. 3. More than 30 days have now elapsed. Hence, under the First Step Act amendments, this Court has jurisdiction to grant compassionate release and reduce Mr. Conkright's term of imprisonment under § 3582(c)(1)(A) in response to the instant motion, even though it is filed by Mr. Conkright, rather than the Director of the BOP.

## II. This Court has the authority to resentence Mr. Conkright under 18 U.S.C. § 3582(c)(1)(A) for "extraordinary and compelling reasons."

When deciding whether to grant a motion for compassionate release, the district court must consider: (1) whether the movant "has offered 'extraordinary and compelling reasons' and whether a reduction or release would be consistent with the policy statement found at U.S.S.G. § 1B1.13;" and (2) whether the 18 U.S.C. § 3553(a) factors support release. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021) (quotation marks omitted).

The policy statement found at U.S.S.G. § 1B1.13, permits a reduction:

> if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or

5

>**(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
>**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>**(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Section 1B1.13 lists four extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; or (D) other reasons, which are defined as "extraordinary and compelling reasons other than, **or in combination with**, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, comment. (n.1) (emphasis added). Several Courts have noted that the policy considerations in § 1B1.13 merely provide Courts with guidance and are not controlling. *See United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1109-1111 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178. 1180-1181 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021); *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021); *United States v. Long*, 997 F.3d 342, 358 (D.C. Cir. 2021). Those Courts have noted that the current version of § 1B1.13, which went into effect prior to the passing of the First Step Act of 2018, does not mention compassionate release motions filed by federal prisoners. Specifically, the catch-all provision provides for release based on other extraordinary and compelling reasons that are not medical or age related, yet only refers to

determinations by the Director of the Bureau of Prisons. *See* U.S.S.G. §1B1.13, comment. (n.1(D)). That limitation is contrary to the express language in Section 603 that now allows for motions made by prisoners. As such, it cannot logically be read as a limitation and, in order to be consistent with Section 603, must be read as allowing Courts to determine what other extraordinary and compelling reasons qualify. *See id.*

Unlike the other circuits noted above, the Eleventh Circuit, alone, has held that a district court is in fact strictly limited by the commentary of section 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). In *Bryant*, the Eleventh Circuit rejected the contrary holding of all the other circuits to address the issue and held that the district court's authority to grant a motion for compassionate release under section 3582(c)(1)(A) was strictly limited by the policy statements in U.S.S.G. § 1B1.13 and the accompanying commentary. *Id.* at 1252-1254.

Again, section 1B1.13 expressly authorizes a district court to reduce a term of imprisonment if it determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). The guidelines section does not limit the district court on what factors it looks at to determine extraordinary and compelling reasons. However, the commentary to that section provides strict limitations on what factors can be considered extraordinary and compelling reasons. U.S.S.G. § 1B1.13, comment. (n.1). In *Bryant*, the Eleventh Circuit held that § 1B1.13 and its accompanying commentary both strictly limited the authority of the district court to grant a motion for compassionate release without any distinction between the

guidelines section and the commentary. That is important because the commentary includes a catch all provision that essentially says that a finding of extraordinary and compelling circumstances can be based on any reason. U.S.S.G. § 1B1.13, comment. (n.1(D)). But the commentary limits that ability to find extraordinary and compelling circumstances for any reason to the Director of the Bureau of Prisons. *Id*. In *Bryant*, the Court held that the precise words of the commentary controlled and that ONLY the Director of the Bureau of Prisons was free to find extraordinary and compelling circumstances for any reason.

But that specific holding in *Bryant* has subsequently been abrogated by an *en banc* decision of the Eleventh Circuit. Specifically, an *en banc* panel has held that the commentary to the Sentencing Guidelines cannot expand the interpretation of unambiguous sentencing guidelines. *United States v. Dupree*, 57 F.4th 1269, 1273-1277 (11th Cir. 2023) (*en banc*). That is, when the text of the Sentencing Guideline is unambiguous, conflicting text in the commentary is owed no deference by the Court.

Here, the section 1B1.13 unambiguously gives the district court the authority to reduce a federal inmate's sentence if the court "determines that extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). The commentary directly contradicts that by limiting that authority and only allowing the Director of the Bureau of Prisons to determine extraordinary and compelling reasons for reasons other than those listed in other parts of the commentary. Under the clear holding of the *en banc* panel of the Eleventh Circuit in *Dupree*, that

commentary, which was the basis of the *Bryant* decision, is afforded no deference by the Eleventh Circuit. *See Dupree*, 57 F.4th at 1277-1280.

The Eleventh Circuit has long held that "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021). Because the *Bryant* opinion relies on Guidelines commentary that squarely conflicts with the Guideline itself, it's holding has been undermined to the point of abrogation by the *en banc* decision in *Dupree*. Specifically, the holding in *Bryant* that the commentary to U.S.S.G. § 1B1.13 limits the otherwise unambiguous authority granted to a sentencing court in § 1B1.13 itself has clearly been abrogated by the Court's *en banc* decision in *Dupree*. Accordingly, this Court should determine in the first instance whether any factor in Mr. Conkright's case rises to the level of extraordinary and compelling reasons under § 1B1.13, without any conflicting limitations contained in the commentary to that section.

Mr. Conkright's extraordinary and compelling medical conditions coupled with his age, qualify him for relief. If Mr. Conkright were released from custody, he has a release plan in place. He would live with his brother, Ira Conkright, in Big Pine Key, Florida. He would have employment at Winn Dixie in Big Pine Key, Florida. Mr. Conkright would receive medical care through Medicare. He would have the family and community support he needs for a smooth, productive transition from custody.

The § 3553 factors strongly support releasing Mr. Conkright at this time. As the parsimony provision of § 3553(a) suggests, excessive punishment is just as dangerous and counterproductive as undue leniency. This is particularly true where unnecessary and excessive punishment can bring serious health consequences, both for the defendant and for the community as a whole.

## CONCLUSION

WHEREFORE, Donald Conkright, through counsel, respectfully requests that the Court grant his motion for compassionate release, reduce his sentence to time served, and place him on supervised release with whatever conditions the Court deems necessary and appropriate.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: _____*s/Robin J. Farnsworth*_____
Robin J. Farnsworth
Assistant Federal Public Defender
Florida Bar No. 735043
1 E. Broward Boulevard
Suite 1100
Fort Lauderdale, Florida   33301
(954) 356-7436
(954) 356-7556 (fax)
Robin_Farnsworth@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on June 29, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                      *s/Robin J. Farnsworth*
                                                      Robin J. Farnsworth